# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| **MURTY S. VEPURI** | : | Case No. 08-11730 |
| **VARALAXMI VEPURI** | : | |
| | | |
| **NATIONAL FERTILIZERS, LTD.** | : | |
| | : | |
| v. | : | Adversary No. 08- |
| | : | |
| **MURTY S. VEPURI** | : | |
| **VARALAXMI VEPURI** | : | |

## ADVERSARY COMPLAINT

And Now Comes the judgment creditor, National Fertilizers, Ltd., and asserts as follows:

**I.    PARTIES**

1.    Plaintiff, National Fertilizers, Ltd ("NFL"), is a corporation organized and registered under the Indian Companies Act of1956, and is wholly owned by the government of India.  NFL's principal place of business is SCOPE Complex, Core III, 7, Institutional Area, Lodi Road, New Delhi – 110 003, India.

2.    Defendants, Murty S. Vepuri and Varalaxmini Vepuri (hereinafter referred to cumulatively as "Vepuris") reside at 1107 Scott Drive, Newtown, PA 18940.

## II. JURISDICTION

3. Pursuant to 28 U.S.C. §§ 157, 1334, *et seq.*, 18U.S.C. § 157, Bankruptcy Rule 7001(4), (6), *et al.*, and Title 11,this Court has jurisdiction over the instant matter as it involves core proceedings of the estate, , as to specific areas set forth under 28 U.S.C. § 157(b)(2) involves; (F), (H), (I), (J), (O) and any provisions as may be implicated pursuant to the allegations set forth in this Complaint as well as any other related pleading.

4. To the extent that each ground for non-dischargeability may need a separate count, then each ground shall be considered to be raised separately as a subpart to the relevant count.

## III. COMMON FACTS

5. The Debtors' bankruptcy petition, schedules and statements are incorporated herein by reference.

6. On June 23, 2005, a judgment in the amount of $2,400,000.00 was entered by plaintiff against defendant in the United States District Court for the District of New Jersey. *See* a true and correct copy of the docket entries attached hereto as Exhibit "A".

7. The basis of the complaint that resulted in the judgment was fraud, as more fully set forth in the Amended Complaint (the "Complaint"), a true and correct copy of which is attached hereto as Exhibit "B".

8. In summary:

    a. Plaintiff was swindled out of $38 million by a network of conspirators operating internationally;

    b. Debtors were co-conspirators in the fraud and received $2 million in proceeds as a result of their participation in the fraud;

    c. The fraud consisted of causing NFL to justifiably rely on a contract for the purchase of material which never occurred and which was intended not to occur.

9. The proceeds of the fraud were distributed to various participants throughout the world.

10. The Vepuris received $2,000,000.00.

11. The Vepuris have listed this judgment indebtedness on Schedule "F", as $2,400,000.00.

12. Furthermore, it is believed that certain of the debt set forth on Schedule "D" represents debt that is not real; that is, it represents "contingent" debt as set forth by Debtors in the Meeting of Creditors, to wit:

    a. The fourth mortgage the creditor of which is Aruna Chivukula, in the amount of $100,000.00, is believed to represent a loan NOT made, but available to be made, even though recorded;

   b. The sixth mortgage the creditor of which is Aruna Chivukula, in the amount of $200,000.00, is believed to represent a loan NOT made, but available to be made, even though recorded;

   c. The third mortgage the creditor of which is Kalpesh K. Patel, in the amount of $300,000.00, is believed to represent a loan NOT made, but available to be made, even though recorded

 13. The total of these possibly recorded, but loans not made, is $600,000.00, providing equity in the real estate of approximately $300,000.00.

## COUNT I - NONDISCHARGEABILITY

 The averments of paragraphs one through and including thirteen above are incorporated herein by reference.

 14. The actions of the Debtors constitute non-dischargeable conduct pursuant to 11 U.S.C. § 523(a)(2)(A), (B), (4), (6), *et seq*.

 15. Accordingly, and pursuant to section 523(a) of the Bankruptcy Code, the amount due to Plaintiff should be declared non-dischargeable.

 16. The funds obtained were obtained through false pretenses, false representations and fraud in which Debtors were actively involved.

 17. The funds received by Debtors were funds to which Debtors had no entitlement.

18. The funds received by Debtors were obtained through material misrepresentation.

WHEREFORE, Plaintiffs requests that its claims as set forth together with any fees and costs, and such other amounts allowed under the law to be declared non-dischargeable pursuant to 11 U.S.C. § 523 on behalf of Plaintiff.

## **COUNT II – DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727**

The averments of paragraphs one through and including eighteen above are incorporated herein by reference as if set forth herein at length.

19. The Debtors should not be granted a discharge for violations of 11 U.S.C. § 727(a)(2), (3), and (4).

20. Pursuant to 11 U.S.C. § 727(a)(2), the Debtors have acted in a course of conduct with the intent to hinder, delay and defraud creditors as well as the Trustee by acting prior to the petition and continuing to act in a course of conduct to conceal and hide assets and property of the estate.

21. Pursuant to 11 U.S.C. § 727(a), the Debtors have acted in a course of conduct with the intent to hinder, delay and defraud creditors as well as the Trustee by acting prior to the petition and continuing to act in a course of conduct reduce the value of the estate by falsifying secured debt to lessen the equity in the property of the estate.

22.     Pursuant to 11 U.S.C. § 727(a)(3), the Debtors have concealed, misrepresented and intentionally falsified their books and records with regard to their financial position and with regard to the value of real property, at least, such to as to deny any discharge.

23.     Pursuant to 11 U.S.C. § 727(a)(4)(A) (B) and (D), the Debtors have knowingly and intentionally made material false statements in their petition under oath as well as at the meeting of creditors.

24.     Debtors have not accurately and completely disclosed assets, income, expenses, and secured debt in their petition.

WHEREFORE, Plaintiff requests that the Debtors be denied a discharge pursuant to 11 U.S.C. § 727 and that Plaintiff be awarded any fees and costs and such other amounts allowed under law against Debtors.

Respectfully submitted:

_/s/ Stuart A. Eisenberg_____
Stuart A. Eisenberg
Carol McCullough
McCullough & Eisenberg, P.C.
530 West Street Road
Warminster, PA 18974
(215) 957-6411
Attorney for Plaintiff

Michael Schwartz, Esquire
Special Counsel